MARCUS M. WELLS AND LYMAN GREENE, AS ASSIGNEES OF MERTON GREENE, PLAINTIFFS, *v.* CASSIUS MAPLES, DEFENDANT.

*Fixtures — what not, as between mortgagor and mortgagee.*

The defendant upon the foreclosure of a mortgage purchased certain real estate, consisting of a grist-mill, saw-mill, machine shop and water privilege. Before the execution of the mortgage a shingle-machine was put in the building; it stood in a box, about sixteen inches high, and was not fastened to the floor, except by a strip to prevent its slipping; it was set into a post cut away to make room for it. A planing-machine was put in after the execution of the mortgage; it was not fastened to the floor, but was held in place by its own weight, and was connected with the machinery by a movable belt; at the sale the referee stated that the shingle-machine and planer were part of the realty.

In an action between an assignee of the mortgagor — the assignment having been made after the execution of the mortgage — and the purchaser, *held*, that the shingle-machine and planer were personal property, and that the assignee was entitled thereto.

MOTION for a new trial, on exceptions ordered to be heard, in the first instance, at the General Term, after a verdict in favor of the plaintiff. The action was brought to recover the purchase-price of a planing-machine and a shingle-machine alleged to have been sold by the plaintiff to the defendant.

The defendant had purchased certain real estate, upon a fore-closure sale, consisting of mill property and a water privilege; subsequently the machinery in question had been sold by the plaintiffs at auction and purchased by the defendant.

The latter now resisted payment, on the ground that both the planer and shingle-machine had passed to him at the foreclosure sale, and that the plaintiffs, who were the assignees of the mort-gagor, had no title therteo.

*Lynes & Van Horn*, for the plaintiffs.

*E. Woolsey Lockwood*, for the defendant.

LEARNED, P. J.:

No question is made by the parties whether the defendant, having purchased the property in question in the manner stated, may not be estopped from insisting that it is a part of the realty. The case is argued on the theory that, if the property is a part of the realty, the plaintiffs cannot recover. Nor is any point made upon the fact of the plaintiffs' possession.

Whether articles affixed to the realty become part thereof, or retain their character of personal property, is sometimes controlled or decided by acts of the parties mortgaging or conveying it. (*McRea* v. *Central Nat. Bk.*, 66 N. Y., 489.) But in the present case, no acts of that kind have expressed the intent of the parties. The defendant is a purchaser, at a foreclosure, of a mortgage on the real estate. The plaintiffs are general assignees of the mortgagor, under an assignment made subsequent to the making of the mortgage. The real estate was a grist-mill, saw-mill, machine shop, and the water privilege. The shingle-mill was put into the building before the mortgage was executed; the planer afterwards. At the mortgage foreclosure sale, the referee announced that the shingle-mill and planer passed with the real

estate. The case then arises substantially as between mortgagor and mortgagee of real estate.

The planer is not fastened to anything, but is held in place by its own weight. It is connected with the machinery by a belt, that can be slipped off; and that is all the connection. It can be taken up and set on one side, and this had been done several times.

The shingle machine stands on a box, the size of the machine. made of four-inch plank, about sixteen inches high. It is not framed to the floor, nor fastened to the floor, except that on one side there is a strip so that it cannot slip. A portion of a post in the building was cut to make room for the machine, and the machine is wedged into this place.

The shingle-machine was placed in the mill for permanent uses, for custom work, as one of the original owners says. We do not understand, by this testimony, that the witness states that they intended " to make a permanent accession to the freehold." (*Potter* v. *Cromwell*, 40 N. Y., 297.) The fastening of the shingle-machine was to prevent it from moving.

We think that the learned justice was correct in holding, under these circumstances, that the planer and shingle-machine were personal property. (*Murdock* v. *Gifford*, 18 N. Y., 28.) In *Potter* v. *Cromwell* (40 N. Y., 287), the " portable grist-mill " was put into a building previously used as a tannery, and it was firmly bolted to the frame of the building. While, in the present instance, as in the case of *Murdock* v. *Gifford*, the machines were not fastened, except so far as needed to keep them in place. In *Voorhees* v. *McGinnis* (48 N. Y., 278), so far as any opinion was expressed as to the planing-machine, fire-pumps, etc., they were held to be personal property. In the case of *McRae* v. *Central Nat. Bank* (*ut supra*), on which the defendant relies, there were circumstances which do not exist in this case. The building had been erected for a twine factory, and the machinery was expressly adapted to it and used with it. The owner intended to make the machinery a part of the freehold. The contract of sale, in pursuance of which the purchase-money mortgage was given, was for the twine factory, together with all the machinery, tools and fixtures. And the court said that the dealings between the plain-

tiff and his vendee showed that the articles in question were regarded as fixtures, which passed with the land.

The judgment must be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Motion for new trial denied, and judgment ordered on verdict, with costs.